FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

2015 APR -9 ᴇᴾ 12: 10

| | |
|---|---|
| WAYNE RODGERS, | ) Civil Action No.: _____ |
| Plaintiff, | ) |
| | ) |
| vs. | ) 3:15-CV-453-J-34JBT |
| | ) |
| ACCELERATED RECEIVABLES | ) |
| MANAGEMENT, INC. | ) |
| Defendant | ) |

## COMPLAINT

Plaintiff, Wayne Rodgers, on behalf of himself ("Plaintiff"), by and through undersigned counsel, alleges against Defendant, Accelerated Receivables Management, Inc. ("Defendant"), as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of 15 U.S.C. §1692 *et. seq.*, the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times has resided in Walthourville,
Liberty County, Georgia 31333 and is a "consumer" as defined by 15 U.S.C. §1692a(3)

5.      Defendant is a corporation doing business and incorporated in the state of Florida,
with its corporate address as 3740 Beach Boulevard, Suite #307a, Jacksonville, Florida 32207.

## FACTUAL STATEMENT

6.      At some point in time unknown to Plaintiff, Defendant allegedly acquired the rights
to collect on an alleged medical debt allegedly owed by Plaintiff to Liberty Regional Medical
Hospital.

7.      This alleged debt was an alleged obligation to pay money arising out of a
transaction in which the services were acquired primarily for personal, family or household
purposes.

8.      On December 2, 2014, Defendant's representative called Plaintiff at 11:32 a.m.

9.      Plaintiff was told by Defendant's representative that Defendant was trying to
collect a debt on behalf of Liberty Regional Medical Hospital, which Plaintiff was refusing to pay.

10.     Plaintiff informed Defendant's representative that he had received no
correspondence regarding the alleged debt.  It was discovered at the time that Defendant had an
old address for Plaintiff where the alleged correspondence had allegedly been sent by Defendant.

11.     Plaintiff asked Defendant's representative how Plaintiff could take care of the debt
on December 2, 2014.  Plaintiff was told that that if a payment was not made within twenty-four
(24) hours, then legal action would be taken against Plaintiff.

2

12.     In response, Plaintiff called back with a prepaid Visa card, but was told he needed to make a minimum payment of twenty-five dollars ($25.00), which Plaintiff was unable to do on the prepaid card.

13.     The following day, December 3, 2014, Defendant's representative "Ms. Williams" left a voicemail message for Plaintiff stating that Ms. Williams needed to hear from Plaintiff or his attorney immediately and Ms. Williams provided a call back number of 800-250-8546.

14.     No legal action has ever been commenced against Plaintiff by Defendant.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. § 1692(e)(11)

15.     Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporates them as if set forth at length herein.

16.     On December 3, 2014, Plaintiff received a voicemail from Defendant's representative asking for an immediate call back.

17.     During this phone call, Defendant's representative failed to disclose that the communication was from a debt collector.

18.     Defendant's failure to notify Plaintiff that the phone call was from a debt collector violates 15 U.S.C. §1692(e)(11), which states in pertinent part that it is a violation to fail to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and to fail to disclose in each subsequent communication that the communication is from a debt collector.

WHEREFORE, Plaintiff, Wayne Rodgers, respectfully requests that this Court do the following:

a.      Declare Defendant's actions, as described above, in violation of the FDCPA;

3

b.      Enter a judgment against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c.      Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d.      Award Plaintiff his costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k (a)(3); and

e.      Grant such other and further relief as may be just and proper.

## COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. § 1692d(6)

19.     Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporates them as if set forth at length herein.

20.     Defendant's representative left a voicemail for Plaintiff on December 3, 2014 and failed to identify the company upon whose behalf she was calling.

21.     Defendant's call to Plaintiff, without identifying the company calling, violates 15 U.S.C. §1692d(6), which prohibits the placement of telephone calls without meaningful disclosure of identity.

WHEREFORE, Plaintiff, Wayne Rodgers, respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a.      Declare Defendant's actions, as described above, in violation of the FDCPA;

b.      Enter a judgment against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c.      Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d.      Award Plaintiff his costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k (a)(3); and

e.      Grant such other and further relief as may be just and proper.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 .S.C. § 1692e(5)

22.     Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporates them as if set forth at length herein.

23.     Defendant's representative called Plaintiff on December 2, 2014 and advised Plaintiff that legal action would be taken if Plaintiff did not make a payment within twenty-four (24) hours.

24.     On December 3, 2014, Defendant's representative, Ms. Williams, left a voicemail for Plaintiff that stated that Plaintiff or his attorney needed to call Defendant's representative back immediately.

25.     Defendant's representative's calls violate 15 U.S.C. §1692e(5), which prohibits threatening to take action that cannot legally be taken or that is not intended to be taken.

WHEREFORE, Plaintiff, Wayne Rodgers, respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a.      Declare Defendant's actions, as described above, in violation of the FDCPA;

b.      Enter a judgment against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c.      Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d.      Award Plaintiff his costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k (a)(3); and

e.      Grant such other and further relief as may be just and proper.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. § 1692e(10)

26.     Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporates them as if set forth at length herein.

27.     Defendant's representative called Plaintiff on December 2, 2014 and informed Plaintiff that legal action would be taken in the absence of payment within twenty-four (24) hours.

28.     The following day, Defendant's representative, Ms. Williams left a voicemail for Plaintiff stating that Defendant's representative needed to hear from Plaintiff or his attorney immediately.

29.     Defendant's actions violate 15 U.S.C. §1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

WHEREFORE, Plaintiff, Wayne Rodgers, respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a.      Declare Defendant's actions, as described above, in violation of the FDCPA;

b.      Enter a judgment against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c.      Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B), in the amount of $1,000.00;

6

d.      Award Plaintiff his costs and reasonable attorneys' fees, pursuant to 15 U.S.C.

§1692k (a)(3); and

e.      Grant such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

30.      Plaintiff requests a trial by jury on all issues so triable as a matter of law.

Dated this 7th day of April, 2015

Respectfully Submitted,

Weiss Law Group, P.A.
Jason S. Weiss
Florida Bar # 356890
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Telephone: 954-573-2800
Email: Jason@jswlawyer.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Email: matthew@lupoloverlaw.com